

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-79,776-01, -02 & -03

### EX PARTE COURTNEY ADAM WATTS, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 1236670D, 1236671D & 1236802D
### IN CRIMINAL DISTRICT COURT NO. 2
### FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marihuana and possession of alprazolam and hydrocodone with the intent to deliver. He was sentenced to eight years' imprisonment on each count. He did not appeal his convictions.

Applicant contends, among other things, that counsel failed to advise him that he could appeal his convictions. The trial court found that counsel failed to properly advise Applicant of his appellate rights and that Applicant's waivers of his appellate rights were invalid and involuntary.

The trial court recommended that we grant Applicant out-of-time appeals. We agree. Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in cause numbers 1236670D, 1236671D, and 1236802D from Criminal District Court No. 2 of Tarrant County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent him on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandates of this Court issue. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandates of this Court issue.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 16, 2014
Do not publish